UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LORINDA SMITH | ) | NO. 2:11-CV-379 |
| | ) | |
| JOAN LEPAGE | ) | NO. 2:12-CV-1 |
| | ) | |
| GREG SWANSON | ) | NO. 2:12-CV-2 |
| | ) | |
| ALFRED HICKMAN | ) | NO. 2:12-CV-45 |
| | ) | |
| SAMUEL VOORHESS | ) | NO. 2:12-CV-77 |
| | ) | |
| ALICE SMITH | ) | NO. 3:11-CV-510 |
| | ) | |
| ROBERT BRADFORD | ) | NO. 2:11-CV-291 |
| | ) | |
| MARY SMITH | ) | NO. 2:11-CV-356 |
| | ) | |
| CARL SELLS | ) | NO. 2:11-CV-355 |
| | ) | |
| ANGELA FITCH | ) | NO. 2:12-CV-56 |
| | ) | |
| MILDRED DANIELS | ) | NO. 2:12-CV-155 |
| | ) | |
| PEGGY ROBERSON | ) | NO. 2:12-CV-168 |
| | ) | |
| KATHERYN CONNER | ) | NO. 2:12-CV-184 |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC., ET AL. and | ) | |
| WILLIAM MELVIN | ) | |
| | ) | |
| v. | ) | NO: 2:11-CV-288 |
| | ) | |
| PYOD, ET AL. | ) | |

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**
_____

Each of these cases alleges that the defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and in each case defendants have filed either a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] These motions were previously referred to the Magistrate Judge for a report and recommendation ("R&R") which was filed on July 14, 2012, [Doc. 57].[2] The matter is currently before the Court on plaintiffs' objections to the R&R, [Doc. 58]. Defendants have responded to plaintiffs' objections, [Doc. 59]. Defendants have filed no objections to the R&R. The matter is now ripe for disposition.

Plaintiffs object to only two of the Magistrate Judge's recommendations: (1) to dismiss plaintiffs' claims against five individual defendants – Tobie Griffin in Nos. 2:12-CV-45; 3:11-CV-510; 2:11-CV-291; 2:12-CV-56; 2:12-CV-168; and 2:11-CV-288; Steve Hawkins in Nos. 2:11-CV-379; 2:11-CV-356; and 2:11-CV-355; Nikki Foster in Nos. 2:12-CV-01; 2:12-CV-02; and 2:12-CV-77; Scott Batson in No. 2:12-CV-155; and Matt Sowell in No. 2:12-CV-184; and (2) to dismiss plaintiffs' claim that LVNV's failure to obtain a collection service license prior to the filing of its debt collection lawsuits constitutes a violation of the FDCPA. For the reasons which follow, plaintiffs' objections to the R&R will be SUSTAINED, the Magistrate Judge's R&R will be AFFIRMED and ADOPTED in part and REVERSED in part, and the motions to dismiss will be DENIED in full.

## I. The Individual Defendants

---

[1] The Magistrate Judge referred to the motions to dismiss and motions for judgment on the pleadings simply as motions to dismiss. This Court will do the same throughout this order.

[2] The references to docket numbers in this order are to the docket in *Smith v. LVNV Funding, LLC, et al*, No. 2:11-CV-379. The R&R, objections and response to objections has been filed in all cases under various docket numbers.

Each of the five individual defendants signed "Affidavits of Sworn Account" which were attached to the civil warrants filed by the defendants in an effort to collect the credit card debt allegedly owed by plaintiffs. The affidavits asserted that each plaintiff (defendant in the general sessions court action) owed a specific amount of money on the credit card account and that the debt had been assigned to LVNV. Noting that none of the motions to dismiss argue that LVNV is not a "debt collector" covered by and subject to the FDCPA, the Magistrate Judge found that LVNV was both a debt collector and a creditor under the FDCPA. Notwithstanding the individual defendants' failure to raise the issue, the Magistrate Judge opined that each of the five individual defendants, as employees of LVNV who "collected debts" for his or her employer, were specifically excluded from the definition of "debt collector" in 15 U.S.C. § 1692(a)(6), and thus the FDCPA has no application to them.

As an initial matter, plaintiffs commit roughly one-third of their brief in support of their objections to the irrelevant argument that there is an alternative basis for the Magistrate Judge's finding that LVNV is a "debt collector" subject to the FDCPA. Since LVNV never argued that it was not subject to the FDCPA, the Court agrees with defendants that plaintiffs' exercise "is wasted ink" and a waste of the Court's time. The Magistrate Judge has already admonished plaintiffs' counsel about the repetitive and redundant nature of their pleadings and the inclusion of largely "inconsequential details." Plaintiffs' attorneys would be well advised in the future to heed the Magistrate Judge's advice and to focus their argument squarely on the matters at hand without irrelevant and unnecessary arguments.

The Magistrate Judge specifically found, as noted above, that LVNV is both a "debt collector" and a "creditor" subject to the terms of the FDCPA.[3] The Magistrate Judge thus concluded, therefore,

---

[3] The Sixth Circuit has recently noted that "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA because those terms are mutually exclusive." *Bridge v. Ocwen Federal Bank*, 681 F.3d 355, 359 (2012) (quoting *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007)). The distinction between a creditor and a debt collector depends upon the default status of the debt

3

that the five individual defendants, as employees of LVNV, were specifically excluded from coverage under the FDCPA by the plain language of 15 U.S.C. § 1692a(6) which excludes from the definition of "debt collector" (and thus from coverage under the FDCPA) "any . . . employee of a creditor while ... collecting debts for such creditor." Plaintiffs argue that the Magistrate Judge "reasonably assumed that [ ] the individual defendants were employees of LVNV" but that such assumption is either erroneous or premature.

Plaintiffs' complaints allege that each of the individual defendants is a "person who is employed by Defendant LVNV or as an agent of Defendant LVNV as a collection agent . . .," and contend that the exact nature of the relationship between LVNV and the individual defendants cannot be determined absent discovery. They do point, however, to defendants' own motions to dismiss which refer to the individual defendants as "employees of one or more of [LVNV's] subsidiaries" and testimony from a Rule 30(b)(6) witness for LVNV in another lawsuit to the effect that LVNV did not have any employees.[4]

Defendants concede in their response to the objections that the individual defendants "are not technically employees of LVNV" but are "authorized representatives of LVNV" acting pursuant to a Limited Power of Attorney.

Had plaintiffs alleged that the individual defendants were employees of LVNV (*i.e.* without the alternative allegation that the individual defendants were authorized representative), the Court might be inclined to overrule plaintiffs' objections and affirm the Magistrate Judge on this issue and simply

---

at the time it is acquired. *Bridge*, 681 F.3d at 359.

[4] Plaintiffs urge the Court to consider these deposition excerpts and other documents attached to their objections, which present matters outside the pleadings, without converting the motions to motions for summary judgment, relying on Judge Mattice's decision in *Stonecypher v. Finklestein, Kern, Steinberg & Cunningham, Attorneys*, 2011 WL 3489685 (E.D. Tenn. Aug. 9, 2011). Given the defendants' concession that the five individual defendants are "not technically employees of LVNV," it will not be necessary for the Court to address the issue.

4

disregard the material outside the pleadings, given the limited nature of the plaintiffs' objection. Given defendants' concession, however, that the individual defendants are not employees of LVNV, the factual finding made by the Magistrate Judge to the contrary is clearly erroneous. In retrospect, it is likely that the individual defendants did not seek dismissal on the basis employed by the Magistrate Judge for the very reason that the individual defendants are not employees of LVNV. Although defendants suggest that the objections could be overruled and the Magistrate Judge's recommendation accepted on the basis that the individuals did not "communicate" with plaintiffs for purposes of the FDCPA when their affidavits were transmitted to plaintiffs as part of a pleading in a collection lawsuit, that is not an argument raised in the motion to dismiss or argued or developed before the Magistrate Judge and thus not a suitable ground for upholding the Magistrate Judge's ruling on this issue.

## II. LVNV's Lack of Collection Service License

The Tennessee Collection Service Act ("TCSA"), Tenn. Code Ann. § 62-20-101 *et seq.*, requires a "collection service business" to hold a license issued by the Tennessee Collection Service Board, Tenn. Code Ann. § 62-20-105(a). A "collection service" is defined as:

> . . . any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.

Tenn. Code Ann. § 62-20-102(3).

The Magistrate Judge first considered the question of whether the TCSA requires an entity such as LVNV which purchases unpaid indebtedness from the original creditor for subsequent collection to obtain a license before undertaking collection activity. Without deciding the question, the Magistrate Judge found that the answer was likely "yes." Neither plaintiffs nor defendants object to that conclusion.

Instead, plaintiffs object to the Magistrate Judge's conclusion that, even if a license is required, the failure to obtain the license was not "'unfair or deceptive,' or unconscionable, or any of the other proscribed activities" under the FDCPA.[5] Plaintiffs argue that LVNV's collection activities and filing of a collection lawsuit without being properly licensed under the TCSA is a violation of § 1692e(5) because LVNV threatened to take, or took, action to collect the indebtedness it could not legally take without a proper license. LVNV, not surprisingly, disagrees, arguing that simply alleging a violation of state law "cannot state a claim under the FDCPA."

Courts have split over whether a debt collector who has not been properly licensed by the state violates § 1692e by attempting to collect a debt. So far as this Court can tell, the Sixth Circuit has not addressed the issue and only three other circuits have done so. In *Wade v. Regional Credit Assn.*, 87 F.3d 1098, 1100 (9th Cir. 1996), relied upon by LVNV, the Ninth Circuit held that debt collection efforts in violation of state law are not *per se* violations of the FDCPA. Although the defendant in that case may have pursued collection efforts in violation of state law, the telephone call made and the letter sent by the defendant was not, according to the Ninth Circuit, a "threat to take action that could not legally be taken in violation of Section 1692e(5)." The collection efforts, according to the Ninth Circuit, were "innocuous" and would be construed by the "least sophisticated debtor" as "a prudential reminder, not as a threat to take action" (*i.e.* sue). *Id.* (internal quotation marks omitted). Likewise, the Eighth Circuit has found that an alleged violation of a state licensing statute did not amount to an FDCPA violation. *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) (holding that collection

---

[5] Since neither party objects to this part of the Magistrate Judge's R&R, the Court need not decide whether the TCSA does indeed require entities like LVNV to obtain a "collection service" license. The Court would note, however, that it has held recently that the TCSA does require that an entity "which purchases due accounts and then attempts to collect on those accounts" falls within the requirement of the statute for licensure.

6

agency's use of Seattle Bank for collection of payments did not violate a Minnesota statute requiring every location of a collection agency to be licensed because no collection activity took place in Seattle. Even if a license were required, the violation of state law would not constitute a violation of the FDCPA because the violation did not constitute a false and misleading representation).

On the other hand, plaintiff relies largely on *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). In *LeBlanc*, the plaintiff stopped making payments towards a credit card account with Bank One. Unifund purchased LeBlanc's charged off debt from Bank One and notified LeBlanc by letter of the alleged balance on the account, advised him of his right to dispute the debt and warned that, if not resolved within 35 days, the claim might be referred to an attorney "for legal consideration." LeBlanc resided in Tampa, Florida and Unifund failed to register as "an out-of-state consumer collection agency" as required by Florida law. *Id*. at 1188-89. The Eleventh Circuit framed the issue as "whether a federal cause of action pursuant to Section 1692e of the FDCPA for threatening to take an action that cannot legally be taken is cognizable when premised upon failure to register as a consumer collection agency as required by state law . . ." *Id*. at 1189-90.

The Eleventh Circuit used a two-fold framework for its analysis – first, whether the language of the defendant's collection letter constitutes a threat for the purposes of 1692e(5) and, second, if so, whether the action threatened could be legally taken. *Id.* at 1193. Finding a genuine issue of material fact as to whether Unifund's dunning letter constituted a threat that precluded summary judgment, the Eleventh Circuit remanded the case to the district court for trial on that issue. *Id*. With respect to the second part of the analysis, however, the Court found that Unifund's activities subjected it to the Florida licensing requirements, making acquisition of the Florida license before filing a lawsuit "a reasonable condition precedent to filing a claim." *Id*. at 1198. Thus, the Eleventh Circuit determined that, without

7

the required license, Unifund could not legally take the step of filing, or threatening to file, a collection lawsuit.

District courts have likewise split on the issue. Compare *Fiorenzano v. LVNV Funding, LLC*, 2012 WL 2562415 (D. R.I. June 29, 2012); *Grant-Fletcher v. The Brachfeld Law Group*, 2012 WL 2523094 (D. Md. June 28, 2012); *Bradshaw v. Hilco Receivables, LLC*, 765 F.Supp.2d 719, 2011 WL 652476, at *10 (D. Md. Feb. 23, 2011); *Hauk v. LVNV Funding, LLC*, 749 F.Supp.2d 358, 2010 WL 4395395 (D. Md. Nov. 5, 2010); *St. Denis v. New Horizon Credit, Inc.*, 2006 WL 1965779 (D. Conn. July 12, 2006); *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 471 (M.D. La. 1995); *Russey v. Rankin*, 911 F.Supp. 1449, 1459 (D. N.M. July 17, 1995); *Kuhn v. Account Control Tech.*, 865 F.Supp. 1443, 1452 (D. Nev Oct. 7, 1994); *Gaetano v. Payco of Wis., Inc.*, 774 F.Supp. 1404, 1414 (D. Conn. June 20, 1990); with *Pescatrice v. Elite Recovery Ser., Inc.* , 2007 WL 1192441, at *4 (S.D. Fla. Apr. 23, 2007); *Niemiec v. NCO Fin. Sys.*, 2006 WL 1763643, at *9 (N.D. Ind. June 27, 2006); *Richardson v. AllianceOne Receivables Mgt., Inc.*, 2004 WL 867732, at * 3 (S.D. N.Y. Apr. 23, 2004); *Wehrheim v. Secrest*, 2002 WL 31242783, at *4 (S.D. Ind. Aug. 16, 2002); *Ferguson v. Credit Mgt. Control, Inc.*, 140 F.Supp.2d 1293, 1302 (M.D. Fla. Mar. 23, 2001) and *Clark v. Pollard*, 2000 WL 1902183, at *3 (S.D. Ind. Dec. 28, 2000).

Although most courts have rejected an argument that collection activity by an entity without a required state license establishes a *per se* violation of the FDCPA, a review of the above referenced cases establishes a fairly generally accepted rule – because the FDCPA forbids a debt collector from threatening an action that cannot legally be taken, 15 U.S.C. § 1692e(5), the threat to take (or the taking) of an action an entity could not legally take without being properly licensed may support a federal cause of action under the FDCPA. Applying the two-fold analysis of the Eleventh Circuit in *LeBlanc*, which

8

the Court finds persuasive and appropriate, plaintiffs state a cause of action against LVNV under § 1692e(5) on the basis that LVNV was not licensed under the TCSA and not only threatened to take, but took, legal action in the filing of its collection lawsuits, which it was not authorized to do under Tennessee law. This Court agrees with plaintiffs, furthermore, that the actual filing of a lawsuit without being properly licensed, not just the threatening of such a collection lawsuit, is prohibited by § 1692e(5) because, to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so." *Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235, 1247 (W.D. Wash. 2006). There is simply no meaningful difference in this context between action threatened and action taken.

### III. Conclusion

For the reasons set forth herein, the motions to dismiss and/or for judgment on the pleadings; [Docs. 3, 7 in No. 2:11-CV-379; Doc. 4 in No. 2:12-CV-01; Doc. 5 in No. 2:12-CV-02; Doc. 8 in No. 2:12-CV-45; Doc. 10 in No. 2:12-CV-77; Docs. 14, 16 in No. 3:11-CV-510; Doc. 9 in No. 2:11-CV-291; Docs. 14, 17 in No. 2:11-CV-356; Docs. 13, 16 in No. 2:11-CV-355; Doc. 11 in No. 2:12-CV-56; Doc. 3 in No. 2:12-CV-155; Doc. 4 in No. 2:12-CV-168; Doc. 8 in No. 2:12-CV-184; Doc. 6 in No. 2:11-CV-288], will be DENIED IN FULL.

So ordered.

ENTER:

                                                    s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE