UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| LORINDA SMITH | ) | NO. 2:11-CV-379 |
| | ) | |
| JOAN LEPAGE | ) | NO. 2:12-CV-1 |
| | ) | |
| GREG SWANSON | ) | NO. 2:12-CV-2 |
| | ) | |
| ALFRED HICKMAN | ) | NO. 2:12-CV-45 |
| | ) | |
| SAMUEL VOORHEES | ) | NO. 2:12-CV-77 |
| | ) | |
| ROBERT BRADFORD | ) | NO. 2:11-CV-291 |
| | ) | |
| MARY SMITH | ) | NO. 2:11-CV-356 |
| | ) | |
| CARL SELLS | ) | NO. 2:11-CV-355 |
| | ) | |
| V. | ) | |
| | ) | |
| LVNV FUNDING, LLC., *ET AL.* | ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

The Defendants in each of the above matters have filed Motions for Summary Judgment that are currently pending before this Court. Some of the above-named Plaintiffs also have pending Motions for Partial Summary Judgment. These motions and cross-motions focus on the issues of: (1) whether Defendants engaged in unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act (the "FDCPA"); and (2) whether Defendant LVNV Funding, LLC ("LVNV") is required by Tennessee law to hold a Tennessee collection service license.

The above matters are part of a group of fourteen cases that were consolidated by this Court for purposes of discovery and are now calendared for trial in the coming

months. The cases are factually very similar, and the parties' Motions for Summary Judgment raise common arguments. With respect to the issues noted above, two important decisions recently were issued in the Eastern District of Tennessee -- after summary judgment briefing on the above cases was completed.[1] To update the Court on these developments, and in accordance with Local Rule 7.1(d), Defendants submit this Supplemental Brief in support of their pending Motions for Summary Judgment.

### *Defendants' Collection Practices.*

In an Eastern District case with facts similar to those in the above matters, the Court recently granted summary judgment in favor of the defendants and dismissed numerous claims brought by the plaintiff alleging violations of the FDCPA. *See White v. Sherman Financial Group, et al.*, 2013 WL 5936679 (E.D. Tenn. November 4, 2013). In that case, like the ones here, the defendant law firm filed a State court collection action based on a civil warrant and affidavit that contained information received from the original creditor when the account was transferred. Similarly, the plaintiff sued the defendants in Federal Court for alleged wrongs arising out of the State court lawsuit.

Granting partial summary judgment in favor of the defendants,[2] the *White* court found, *inter alia*, that:

- The plaintiff had presented no evidence that the amount of debt set forth in the Affidavit of Indebtedness was false. *White*, 2013 WL 5936679, *5;

- The Affidavit of Indebtedness and the Civil Warrant are not inconsistent with one another and would not be deceptive to the least sophisticated consumer. *Id.* at *6; and

---

[1] The issues raised in this Supplemental Brief have already been addressed in the summary judgment briefing in the consolidated cases not listed above.
[2] The only claim that survived summary judgment was whether the defendant law firm had filed the State court lawsuit in the correct county.

- The Civil Warrant and attached Affidavit of Indebtedness constituted a "formal pleading" for purposes of the FDCPA. *Id.* at *9.

The *White* court also found that the plaintiff had presented no evidence that the defendants had attempted to collect an amount not authorized by the underlying agreement or permitted by law, and therefore the plaintiff was not entitled to a trial on those causes of action. *See White*, 2013 WL 5936679, at *6.

Moreover, with respect to Plaintiffs' theory in this case that Defendants never intended to litigate their State court actions against Plaintiffs, the *White* Court cites *Clara Collins v. Portfolio Recovery Associates, LLC, Retha Gray, and McLemore & Edington, PLLC,* Case No. 2:12-cv-138 (E.D. Tenn. June 7, 2013), wherein the Court found:

> [Defendant] PRA purchased the interest in a defaulted debt accrued using Plaintiff's personal information and filed a legal civil warrant in state court seeking recovery of the amount of default. After Plaintiff disputed the debt, PRA dismissed the action. Plaintiff has, in this instance, merely relied upon her pleadings and has drawn inferences that are not based upon any record evidence to conclude that Defendants' action of dismissing the lawsuit demonstrates that they had no intention of pursuing the collection action against Plaintiff in Tennessee state court….Plaintiff has offered no evidence regarding the intentionality of Defendants' actions. The Court notes that its obligation to draw all reasonable inferences in Plaintiff's favor does not require the Court to give credence to Plaintiff's inferences from unsupported factual assertions. The Court finds that the facts contained in the record do not support Plaintiff's inference – namely, that the dismissal of the lawsuit some seven months after it was filed in and of itself demonstrates that Defendants never intended to pursue the action.

*Collins*, at pp. 13-14, *cited in White*, 2013 WL 5936679, at *5.

Because the factual record in *White* is virtually identical to the above-captioned cases, Defendants respectfully ask this Court to consider the reasoning in *White* and similarly grant summary judgment in favor of Defendants.

3

### *The Licensing Issue.*

With respect to the licensing issue, the recent rulings in both *White* and *Robinson v. Sherman Financial Group, LLC,* 2013 WL 3968446 (E.D. Tenn. July 31, 2013) support LVNV's reading of and reliance on the Clarification Statement issued by the Tennessee Collection Service Board. In *Robinson*, another factually similar case, in which LVNV likewise assigned collection activities to a Tennessee law firm, the Court held on summary judgment that, "under the Clarification Statement of the Board, LVNV [is not] a 'collection service.'" *Robinson,* 2013 WL 3968446, *10. The *Robinson* Court reasoned that the Clarification Statement *was* applicable to LVNV, because LVNV is a debt/judgment purchaser that had assigned debt collection activities to the defendant law firm. *Id.* at *11.[3] Moreover, the *Robinson* Court stated that the "the Clarification Statement provides guidance as to how the [statutory] provision defining a 'collection service' should be construed." *Id.* at *10. In denying the plaintiff's subsequent motion to alter or amend the ruling on summary judgment, the *Robinson* Court further held:

> [C]ourts will give careful consideration to [an agency's] interpretation of statutes, especially when their interpretation sheds light on legislative intent, [although] statutory construction remains a question of law. Accordingly, the courts review an agency's interpretation of statutes without a presumption of correctness. Accordingly, it is surprising Plaintiff would argue the [Clarification Statement] is "void for any purpose and may not be used by this Court to excuse non-compliance with the TCSA

---

[3] In *VFC Partners 10 LLC v. Cindy J. Collins*, Case No. 3:12-cv-00291 (Docket I.D. No. 24) (E.D. Tenn. June 7, 2013) (a non-FDCPA case), the Court granted summary judgment to a party who had obtained debts via an assignment and pursued collection of the debts through the use of licensed Tennessee attorneys. The Court stated that the defendants' assertion "that Plaintiff itself is a collection service…entirely ignores the fact that Plaintiff is not attempting collection on its own; rather, it has engaged attorneys [to] attempt collection." *Id.* at p. 4. The Court cited a March 14, 2012 Clarifying Statement of the Board in holding that the attorney exemption, found in Tenn. Code Ann. § 62-20-102(3), applied to the attorneys who filed the lawsuit in a representative capacity on behalf of a client who actually owned the debt. *Id.*

4

> licensing requirement." To the contrary, the statement is clearly appropriate to consider and is accorded due consideration and respect. The Court did just that when it relied on the interpretive guidance in its order.

*Robinson*, Case No. 2:12-cv-00030, Docket No. 89 at p. 4 (E.D. Tenn. October 29, 2013, internal citation omitted.)

The *White* Court cited the July 31, 2013 *Robinson* holding in concluding, on similar facts, that LVNV was not a "collection service" under § 62-20-102(3) of the TCSA, based on the guidance provided by the Clarification Statement, and therefore was not required to have a collection service license. *White*, 2013 WL 5936679, *7.

The *Robinson* and *White* Courts' rulings are also consistent with principles underlying the doctrine of federal abstention. The U.S. Supreme Court has counseled in favor of abstention: "1) when there are difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar; or 2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *See Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660-661 (6th Cir. 2002), *quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359-62, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (interpreting *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).)

The Tennessee Collection Service Board has been charged with the exclusive authority and responsibility for licensing and regulating collection services within the State. The Board's responsibilities thus bear upon matters of significant statewide importance, through enforcement of the State's independent regulatory scheme for maintaining the oversight of collection services operating within the State's borders.

5

Moreover, the Board has attempted to apply a consistent policy on a matter of substantial public concern, which serves to advance a coherent, uniform state policy.

In deciding Defendants' Motions for Summary Judgment, Defendants respectfully ask this Court to follow the reasoning of the Courts in *Robinson* and *White* and to find that the Clarification Statement exempts LVNV from having to hold a license when it assigns all collection activity to a licensed Tennessee law firm.

Respectfully submitted,

ADAMS AND REESE LLP

Dated: January 16, 2014

By: s/ Rocklan W. King, III
Tricia T. Olson (#24643)
Rocklan W. King, III (#030643)
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Rocky.King@arlaw.com
tricia.olson@arlaw.com

**MOSS & BARNETT**
A Professional Association
Sarah E. Doerr (MN Bar #338679)*
John P. Boyle (MN Bar #186946)**
Matthew P. Kostolnik (MN Bar #310669)**
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612 877-5000)

*Admitted to practice in United States District Court for the Eastern District of Tennessee on April 30, 2012.
**Admitted to practice in United States District Court for the Eastern District of Tennessee on June 24, 2013.

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.

This 16th day of January, 2014.

                                            s/Rocklan W. King, III
                                            Rocklan W. King, III